UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONROY J HAYES,

Plaintiff,

v.

A LYONS, et al.,

Defendants.

Case No. 24-cv-05227-PCP

**ORDER OF PARTIAL DISMISSAL AND PARTIAL SERVICE**

Conroy Hayes, an inmate at the Substance Abuse Treatment Facility in Corcoran, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983, regarding events which occurred while he was incarcerated at the Salinas Valley State Prison in Salinas, California ("SVSP"). The Court screened Mr. Hayes's original complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. Dkt. No. 7. Mr. Hayes subsequently filed a First Amended Complaint. Dkt. No. 8 ("FAC").

For the reasons stated below, the Court concludes that Mr. Hayes has not stated cognizable claims against defendants Mancillas, Martinez, or the California Department of Corrections and Rehabilitation ("CDCR"). As Mr. Hayes already has had an opportunity to amend to state claims against these defendants, the Court concludes that further amendment would be futile. These defendants are dismissed with prejudice and without leave to amend.

The Court orders the following defendants to respond to the allegations in the FAC: CCI Lyons, Sergeant Ruiz, and correctional officers Cervantes, Lizaola, and Pennisi.

## I.    Background

At all relevant times, Mr. Hayes was incarcerated on a sensitive needs yard ("SNY") at Salinas Valley State Prison. *See* FAC at 5.

United States District Court
Northern District of California

Non-defendant inmate Burks was incarcerated on the same yard as Mr. Hayes. *See id*. at 5–6. On more than one occasion between May 23 and June 10, 2021, inmate Burks told defendants Ruiz, Cervantes, Lizaola, Pennisi, and Lyons that he did not want to be housed in SNY, should instead be housed in general population, and "would attack and physically harm other inmates residing in the SNY facility" if he were not moved to general population. *Id*. at 5–7. In response to one of these complaints, defendant Lyons told inmate Burks to "[d]o what you gotta do." *Id*. at 7–8. After making these complaints, inmate Burks was kept in the same SNY facility as Mr. Hayes and was allowed to move about freely. *See generally id*.

Inmate Burks had a hot pot in his cell which he used to heat water. *See id*. at 9. On June 11, 2021, at approximately 7 a.m., inmate Burks attacked another inmate "by throwing scalding hot water on the inmate, and then trying to 'stab' him with his cane." *Id*. at 8. Defendants Martinez and Mancillas witnessed this attack, ordered the attacked inmate to return to his cell, and took no action against inmate Burks. *See id*. at 8–9. Inmate Burks retained freedom of movement throughout the SNY facility and retained his hot pot. *See id*. at 8–9.

Approximately six hours later, inmate Burks attacked Mr. Hayes "by way of [Burks] throwing 'scalding' hot water on [Mr. Hayes's] face, arms, and torso." *Id*. at 9. Mr. Hayes suffered second-degree burns to his face, body, and eyeballs. *See id*. at 10. Mr. Hayes sought and received medical treatment from SVSP medical staff, a burn center in San Jose, and the Natividad Medical Center in Salinas. *See id*. at 9–10.

Mr. Hayes claims that all individual defendants violated the Eighth Amendment's bar on cruel and unusual punishment and that CDCR violated California Government Code § 815.6. *See id*. at 4.

Mr. Hayes alleges that he exhausted all administrative remedies, but the exhibit he attaches to support this allegation is dated more than one year after the attack. See FAC Ex. A; *see also* Cal. Code Regs. tit. 15, § 3482(b) (requiring prisoners to file grievances within 30 days of an incident). Mr. Hayes alleges that he presented his state-law claim as required by California's Tort Claims Act, but the exhibit he attaches to support this allegation does not indicate whether this claim was perfected. For the purposes of this Order, the Court assumes without deciding that Mr.

Hayes fulfilled the exhaustion and presentation requirements.

## II.    Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    Analysis

Mr. Hayes claims that the individual defendants violated his rights under the Eighth Amendment by failing to protect him from a foreseeable attack by another inmate. FAC at 4. The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, *deliberately* indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The mental state required to establish a deliberate indifference claim is well-established. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id*. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id*. at 842; *see also Robins v. Meecham*, 60 F.3d 1436, 1439–40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate). A plaintiff may meet his burden of showing awareness of a risk by presenting evidence of obvious and blatant circumstances indicating that the prison official knew the risk existed. *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("risk that an inmate might suffer harm as a result of the repeated denial of meals is obvious").

United States District Court
Northern District of California

3

Here, Mr. Hayes alleges that inmate Burks warned defendants Ruiz, Cervates, Lizaola, Pennisi, and Lyons that he would attack another inmate if not moved from SNY to general population. *See* FAC at 5–8. Despite these threats, inmate Burks was permitted to move freely around the SNY facility and interact with other inmates, including Mr. Hayes. *See generally id.* Liberally construed, these individual defendants received adequate warning that inmate Burks intended to attack another inmate. That the individual defendants did not know inmate Burks would attack Mr. Hayes specifically is of no moment at this stage in the litigation; it is enough that they knew inmate Burks intended to attack someone, and that Mr. Hayes unfortunately became the victim of that attack. *See Robins*, 60 F.3d at 1439–40.

Although defendants Martinez and Mancillas witnessed inmate Burks attack a third party, there are no facts to suggest these individual defendants could foresee inmate Burks would attack Mr. Hayes. See generally FAC at 8–10. The allegations reveal only that defendants Martinez and Mancillas knew inmate Burks had attacked a third party. *See id*. There are no facts to suggest that these defendants knew inmate Burks intended to attack other inmates generally, rather than having an issue with that specific third party. *See id*.; *see also Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015) (explaining that a defendant's liability must be based on actual awareness of the risk rather than constructive knowledge). Although it may have been negligent or unprofessional for defendants Martinez and Mancillas to fail to segregate inmate Burks after the morning attack, or to not take away the hot pot he used to attack the third party, such a mental state is insufficient to state an Eighth Amendment claim. *See* Dkt. No. 7 at 3 (explaining the difference between negligence, recklessness, and the required mental state of deliberate indifference). Despite being cautioned of the need to show deliberate indifference, Mr. Hayes has not shown that defendants Martinez and Mancillas were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed—specifically, that inmate Burks intended to harm persons beyond the third party attacked in the morning—and that Martinez and Mancillas also drew that inference. *See Farmer*, 511 U.S. 837. The Court therefore concludes that Mr. Hayes has not shown deliberate indifference on the part of defendants Martinez and Mancillas and dismisses these defendants. Because Mr. Hayes received notice of the need to plead deliberate

indifference and an opportunity to do so, the Court concludes that further amendment as to these two defendants would be futile. His claims against defendants Martinez and Mancillas are dismissed with prejudice and without leave to amend.

Mr. Hayes alleges that CDCR violated California Government Code section 815.6 by virtue of inmate Burks's attack. This code section provides that

> Where a public *entity* is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov. Code § 815.6 (emphasis in original). To state a claim under § 815.6, the plaintiff must establish that: (1) the statute violated imposed a mandatory, not discretionary, duty, (2) the statute was intended to protect against the kind of risk of injury suffered by the plaintiff, and (3) the breach of the mandatory duty was the proximate cause of the plaintiff's injury. *See State v. Super. Ct.*, 150 Cal. App. 3d 848, 854 (Cal. Ct. App. 1984). Mr. Hayes has not identified the relevant duty imposed by Section 815.6 upon CDCR (as opposed to the Eighth Amendment duty imposed upon individual defendants), has not alleged that this duty was mandatory rather than discretionary, and has not explained how the breach of that unidentified duty was the proximate cause of his injury. *See generally* FAC. The Court therefore concludes that Mr. Hayes has not supplied sufficient facts to hold CDCR liable for breach of California Government Code section 815.6 and dismisses this claim with prejudice and without leave to amend.

## IV.    CONCLUSION

1.    The First Amended Complaint does not state cognizable claims against defendants Mancillas, Martinez, or CDCR. As Mr. Hayes already has had an opportunity to amend to state claims against these defendants, the Court concludes that further amendment would be futile. These defendants are dismissed without leave to amend.

2.    The First Amended Complaint states a cognizable Eighth Amendment claim against defendants Lyons, Ruiz, Cervantes, Lizaola, and Pennisi.

3.    The Court orders service of the First Amended Complaint on defendants Lyons,

United States District Court
Northern District of California

Ruiz, Cervantes, Lizaola, and Pennisi and orders them to respond to Mr. Hayes's Eighth Amendment failure-to-protect claim. Service on defendants Lyons, Ruiz, Cervantes, Lizaola, and Pennisi shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: The amended complaint and exhibits thereto (Dkt. No. 8), this order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on Mr. Hayes.

4. No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a Completed CDCR Report of E-Service Waiver advising the Court whether all defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS"), or whether any defendant declined to waive service or could not be reached.

5. CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for each defendant who is waiving service.

6. If any defendant does not waive service, then upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon the non-waiving defendant. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

7. No later than **ninety (90) days** from the filing date of this order, defendants shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the Amended Complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that Mr. Hayes will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice

requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.

8.      If any defendant is of the opinion that this case cannot be resolved by summary judgment, he or she shall so inform the Court prior to the date the summary judgment motion is due. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

9.      Mr. Hayes's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Mr. Hayes is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

10.      Defendants **shall** file a reply brief no later than **fourteen (14) days** after Mr. Hayes's opposition is filed.

11.      All communications by Mr. Hayes with the Court must be served on defendants or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

12.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Mr. Hayes is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

13.      It is Mr. Hayes's responsibility to prosecute this case. Mr. Hayes must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall update the caption to reflect that only defendants Lyons, Ruiz, Cervantes,

Lizaola, and Pennisi remain in this action.

**IT IS SO ORDERED.**

Dated:  June 30, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

8